# EXHIBIT A

# EXHIBIT A

```
1  Joshua M Searcy, SBN 273932
   835 Fifth Ave., Ste. 201
2  San Diego, CA 92101
3  619-316-4871
   Fax: 619-202-3019
4  josh@searcyslaw.com
```

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**01/24/2022** at 01:05:44 PM
Clerk of the Superior Court
By Malka Manneh, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| BRETTON CONNOLLY,<br><br>　　　Plaintiff,<br><br>vs.<br><br>GEICO INDEMNITY COMPANY, and DOES 1 through 20, inclusive,<br><br>　　　Defendants | Case No.: 37-2022-00002890-CU-IC-CTL<br><br>COMPLAINT FOR DAMAGES FOR BREACH OF INSURANCE CONTRACT |

Plaintiff alleges:

　　1.　Defendant GEICO Indemnity Company ("GEICO") is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of Maryland and authorized to transact, and transacting, business in this state as an automobile liability insurer.

　　2.　Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-20, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the acts or omissions herein alleged, and that plaintiff's injuries

1
COMPLAINT FOR DAMAGES FOR BREACH OF INSURANCE CONTRACT

as herein alleged were proximately caused by such acts or omissions.

3. At all times mentioned in this complaint, defendants DOES 1–20 were the agents, servants, and employees of their codefendants, and in doing the things hereinafter alleged were acting in the scope of their authority as agents, servants, and employees, and with the permission and consent of their codefendants.

4. At all times mentioned in this complaint, plaintiff was the owner of a certain 2017 Tesla Model S automobile with a Vehicle Identification Number ("VIN") of 5YJSA1E18HF228032 ("the vehicle")

5. On or about June 26, 2019, in consideration of a payment made by plaintiff of $403.30 for a six-month premium, GEICO, by its duly authorized agents, executed and delivered to plaintiff in San Diego, San Diego County, California, his policy of insurance bearing number 4573-46-70-00 ("the policy"). The policy by its terms was effective from 12:01 am, on June 26, 2019, to 12:01 am, on December 26, 2019, and initially covered a 2003 Toyota Camry with a VIN of JTDBE32K930149344.

6. On or about August 29, 2019, in consideration of an additional payment of $335.44 made by plaintiff on August 26, 2019, towards an increased six-month premium of $2,259.50, the policy was changed to instead provide coverage for the vehicle. On September 26, 2019, plaintiff made an additional payment towards the six-month premium of $476 and thereafter on the 26th of each month timely made additional monthly payments until the six-month premium was satisfied in full.

7. At all times from and after August 29, 2019 the policy provided for comprehensive coverage on the vehicle for property loss caused by theft, including reimbursement for transportation expenses incurred from 48 hours after the theft is reported to the police and GEICO until the vehicle is returned to use or the loss is paid by GEICO, as well as for collision coverage for collision loss to the vehicle.

8. On or about November 10, 2019, while the policy was in full force and effect, and while plaintiff was outside of the County of San Diego without the vehicle, the vehicle was discovered to have been involved in a collision on Interstate 805 in San Diego County, California. The

1  vehicle had been parked outside of plaintiff's residence when plaintiff had left the county in a
2  different vehicle and was removed from that location prior to being involved in the collision.
3  The driver of the vehicle fled the scene of the collision.
4     9.  As a proximate result of the theft and the collision, the vehicle was damaged to such an
5  extent that it was irreparable. The fair market value of the automobile at the time and place of
6  the collision was approximately $32,000.  Since the time of the collision the value of the vehicle
7  has risen to approximately $42,000.
8     10. On or about November 14, 2019, upon returning home and discovering the vehicle to
9  have been missing from the location where he had left it, plaintiff promptly contacted the
10 California Highway Patrol, who had left plaintiff a message regarding the collision, the San
11 Diego Police Department to report the theft, and GEICO to report the loss.  Plaintiff has
12 otherwise performed all the terms and conditions of the policy to be performed by him.
13     11. Plaintiff began incurring expenses for transportation prior to 48 hours after reporting the
14 loss to GEICO and continues to incur such expenses through the date of filing of this complaint.
15     12. After reporting the loss, plaintiff contacted GEICO about providing him with a car rental
16 while the claim was being processed.  The agent with whom he spoke informed him that in
17 order for GEICO to provide the rental, he would need to keep the policy, which was set to
18 expire December 26, 2019, in effect.  In reliance on this representation, plaintiff renewed his
19 policy on November 22, 2019, making an initial payment of $636 towards the six-month
20 premium of $3806.20 on December 26, 2019.  Plaintiff thereafter cancelled the renewed policy
21 covering the vehicle that was no longer drivable nor in his possession.
22     13. Over the course of the next year and a half, plaintiff complied with all requests made by
23 GEICO regarding their investigation of the loss, including, without limitation, participating in
24 two examinations under oath at GEICO's request, and providing to GEICO all requested
25 documentation, writings, and other evidence within plaintiff's possession or ability to obtain.
26     14. On or about May 4, 2021, GEICO issued a final denial of plaintiff's claim and failed and
27 refused, and continues to fail and refuse, to pay to plaintiff the fair market value of the vehicle
28 as of the time and place of the collision, to provide plaintiff with a suitable replacement vehicle

3
COMPLAINT FOR DAMAGES FOR BREACH OF INSURANCE CONTRACT

1   whose value is equal to that of the vehicle, or to reimburse plaintiff for transportation expenses
2   incurred from and after 48 hours after the loss was reported to GEICO and the police.
3       15.  Prior to GEICO's denial of payment of benefits under the policy, and at all relevant
4   times, GEICO failed to undertake an adequate investigation of the claim, focusing on evidence
5   and inferences that support GEICO's basis for denying the claim while ignoring and
6   disregarding evidence that supports plaintiff's claim.
7       16. As a proximate result of defendants' misrepresentations and defendants' failure and
8   refusal to pay plaintiff as herein alleged, plaintiff has been damaged in sums as of yet
9   ascertained, along with interest on those sums at the legal rate.
10      17. As a further proximate result of defendants' misrepresentations and continued denials of
11  plaintiff's claim, plaintiff has suffered and continues to suffer humiliation, mental anguish, and
12  severe emotional distress.
13      18. The acts of defendants as alleged above were done intentionally, maliciously,
14  oppressively, and with the intent of defrauding plaintiff. Plaintiff is therefore entitled to
15  exemplary or punitive damages.
16  //
17  //
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

4
COMPLAINT FOR DAMAGES FOR BREACH OF INSURANCE CONTRACT

WHEREFORE, plaintiff prays judgment against defendant as follows:

1. For the sum of $42,000, representing the value of the vehicle;
2. For the sum of $636, representing the amount of the premium paid to GEICO based on their misrepresentations.
3. For reimbursement for transportation expenses according to proof;
4. For other specific and general damages according to proof;
5. For interest on the above at the legal rate from and after November 2019 until paid.
6. For exemplary and punitive damages;
7. For costs of suit herein incurred, including reasonable attorney fees; and
8. For such other and further relief as the court may deem proper.

Dated:  December 10, 2021

_____
Joshua M. Searcy
Attorney for Plaintiff Bretton Connolly

5
COMPLAINT FOR DAMAGES FOR BREACH OF INSURANCE CONTRACT

# VERIFICATION

I, Bretton Connolly, am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters that are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: ~~November~~ 10, 2021
BC December

_____
Bretton Connolly

6
COMPLAINT FOR DAMAGES FOR BREACH OF INSURANCE CONTRACT